UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


QUENTIN D. BETTY,

       Petitioner,

                                   Civil No: 04-60063
                                   Honorable Marianne O. Battani
                                   Magistrate Judge Steven D. Pepe

v.

MILLICENT WARREN, Warden,

       Respondents.

_____

**MEMORANDUM OPINION & ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO
COMPLY WITH THE STATUTE OF LIMITATIONS**

**I. <u>Introduction</u>**

       This is a habeas case under 28 U.S.C. §2254.  Quentin D. Betty  (hereinafter, "Petitioner"),

filed a *pro se* request for Writ of Habeas Corpus in an effort to challenge his state court convictions

of one count of first degree murder in violation of MCL §750.316, five counts of armed robbery in

violation of MCL §750.529, one count of conspiracy to commit armed robbery in violation of MCL

§750.157a, one count of assault with intent to rob while armed in violation of MCL §750.89, and

seven counts of felony firearm in violation of §750.227b . Rather than file a responsive pleading,

Respondent  filed a Motion to Dismiss for Failure to Comply  with the Statute of Limitations.

Subsequent to a jury trial in Oakland County Circuit Court, Petitioner was convicted of the above

referenced offenses and sentenced to life imprisonment and two years to run consecutively and

seven concurrent terms of 20-60 years.

In support of her dismissal motion Respondent argues that Petitioner, who filed a similar habeas petition with this Court under case number 99-73767 in front of Judge Nancy G. Edmunds, had his previous action dismissed without prejudice for the purpose of exhaustion through the state post-conviction process. Petitioner had a designated amount of time in which to re-file his habeas petition with the Court and he failed to do so. Petitioner argues in his responsive pleading that equitable tolling should apply because Petitioner had difficulty in obtaining documents necessary to pursue state post-conviction and habeas relief. Also, Petitioner asserts that the claims he asserted were not exhausted were in fact exhausted; and the habeas petition presently before the Court should be considered an amendment to the 1999 petition, as it should never have been dismissed for exhaustion reasons.

Upon review of the pleadings, the Court agrees with the Respondent and finds that Petitioner's habeas petition should be dismissed with prejudice.

## II. Background

On November 6, 1995, Petitioner was convicted of the above referenced offenses and was sentenced on December 21, 1995. Petitioner filed an appeal of right with the Michigan Court of Appeals raising the following issues: (1) whether trial counsel rendered ineffective assistance in his failure to file a motion severance motion; (2) whether Petitioner was denied a fair trial relative to a photographic line-up identification; and (3) whether Petitioner was entitled to a new trial due to prosecutorial misconduct. On June 9, 1997, the Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished per curiam opinion. *People v. Betty,* 1997 WL 33345068, Mich. Ct. App. No. 191988 (June 6, 1997). Petitioner subsequently filed an Application for Leave to Appeal

2

to the Michigan Supreme Court raising the same issues and relief was likewise denied. *People v. Betty,* 458 Mich. 866; 582 N.W.2d 837 (1998) (TABLE) *,* Mich. Sup. Ct. No. 110162 (July 21, 1998).

On July 26, 1999 Petitioner filed a Petition for Writ of Habeas Corpus, case number 99-73767 before Judge Nancy G. Edmunds, raising the same issues.  However, while Petitioner's habeas petition was pending, he filed a Motion for Stay or Abeyance of Habeas Petition so that he could pursue state post-conviction remedies of exhaustion relative to the following issues: (1) whether Petitioner was constructively denied effective assistance of counsel when his trial attorney failed to meet with him or interview any defense witnesses; and (2) whether Petitioner was denied a fair trial when his competency examination indicated that trial counsel needed to thoroughly explain all aspects of the proceedings in order for Petitioner to have the ability to properly assist with his defense.

On April 10, 2000, the Court denied Petitioner's stay/abeyance motion and dismissed the habeas petition without prejudice.  The Court indicated that Petitioner had 87 days in which to exhaust the above cited claims and re-file his habeas petition with this Court.  Petitioner did not file any pleadings with the state courts in an effort to seek state post-conviction relief.  It was not until March 16, 2004, approximately 4 years later,  that Petitioner re-filed his habeas petition with this Court, wherein he raised the following issues: (1) whether Petitioner was denied his Sixth Amendment right to effective assistance of counsel relative to trial counsel's alleged failure to file a severance motion, his failure to meet with the Petitioner, and his failure to explain to Petitioner all aspects of the trial proceedings; (2) whether Petitioner was denied a fair trial as a result of the

photographic line-up process; and (3) whether Petitioner is entitled to an evidentiary hearing regarding his ineffective assistance of counsel claim.

## III.  Law & Analysis

### A.  Anterrorism and Effective Death Penalty Act of 1996 (AEDPA) & Statute of Limitations

Although Petitioner's trial occurred in 1995, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), govern this case because the Petitioner filed his first habeas petition in 1999 and his second one in 2004, both of which were after the AEDPA's effective date. *See, Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The AEDPA was amended to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *28 U.S.C. §2244(d)(1).* A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle,* 226 F.3d 691, 694-95 (6th Cir. 2000).

The Petitioner's conviction in this case became final in 1998 after the time expired for appeals beyond the direct appeal to Michigan's intermediate appellate court and well before the

4

effective date of the AEDPA.  Therefore, Petitioner's direct appeals concluded after the AEDPA's effective date (i.e., 1996); and the one-year grace period to file their habeas petitions is applicable. *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir. 2002).

The parties agree that the statute in this matter began to run on October 21, 1998 (90 days after the Michigan Supreme Court decision denying Petitioner's Application for Leave to Appeal on July 21, 1998).  Petitioner timely filed his first habeas petition on July 26, 1999, 87 days prior to the expiration of the one-year statute of limitations. When Judge Edmunds gave Petitioner 87 days in which to re-file his habeas petition or otherwise toll the statute, it is evident that the Court equitably tolled this matter while it was pending in this Court; otherwise, the statute of limitations would have long been tolled during the 8½ month time period in which the previous petition was pending.  *See, Duncan v. Walker,* 533 U.S. 167, 183-84 (2001). The concept of equitable tolling will be explained further below.  The Court  will first address Petitioner's reasons for filing the present petition approximately 3½ years late.

### A.  Petitioner's Basis for Delay

Petitioner first claims that he had difficulty obtaining his trial transcripts and other file materials which were necessary for him to have in order to pursue state post-conviction and habeas relief in accordance with the April 10, 2000 Order. Petitioner claims that prior to filing his first petition (July 26, 1999), he sent his transcripts and other documents to his attorney.  This is confirmed by a letter sent from Petitioner's attorney at that time indicating which documents and transcripts he had in his possession and that he had not received the transcript from the last day of trial, nor the sentencing transcript.  The letter further indicates that the  the documents and transcripts were sent to the attorney so that he could prepare a motion for relief from judgment and

potentially an appeal from that judgment if necessary.  Finally, the letter states that the attorney received the transcripts and documents on July 22, 1999.

Despite allegedly not being in possession of his file documents and transcripts, Petitioner managed to file his original habeas petition with this Court 4 days after the attorney received the file. This fact leads the Court to find that despite Petitioner's alleged non-possession of his file papers, he was capable of submitting a timely and cogent habeas petition.  Petitioner claims that he tried to obtain his files from the attorney from July 22, 1999 until June 10, 2000.  By this time, Petitioner's statutory period had run 60 days, with 27 days remaining.  Petitioner asserts that he sent a letter to the trial court on June 10, 2000 in an attempt to obtain some of his file documents, but he never received a response.  In January 2001, Petitioner states that he finally received his paperwork back from the attorney. Since the statutory period expired on or about July 7, 2000, Petitioner's petition by January 2001 was time barred.  Although, Petitioner admittedly received his court transcripts and file documents from his attorney in January 2001, Petitioner still did not file any state post-conviction pleadings and did not  re-file his habeas petition until March 16, 2004.

Second, Petitioner asserts that the two issues requiring exhaustion in fact had already been exhausted.  Therefore, Petitioner maintains that his 2004 petition should serve as an amendment to the 1999 habeas petition, as the 1999 petition should never have been dismissed.  Petitioner states that the Respondent misrepresented in his response to the 1999 habeas petition that the two previously stated issues required exhaustion.  Petitioner states that he believed this representation and was prompted to file the motion to seeking a stay or abeyance pending exhaustion.  However, Petitioner claims that the Michigan Court of Appeals' September 10, 1996 decision proves that the two issues he sought to exhaust were already exhausted.

6

As previously stated, the two issues Petitioner was seeking to exhaust were whether Petitioner was constructively denied effective assistance of counsel because of his failure to meet with him prior to trial and his failure to interview defense witnesses; and whether Petitioner was denied a fair trial when counsel failed to facilitate Petitioner's ability to assist in his defense by explaining all aspects of the trial to him. The September 10, 1996 opinion, Petitioner references is an order denying Petitioner's motion to remand this matter. The order states as follows:

> The Court orders that the motion to remand is DENIED because defendant has failed to identify an issue sought to be reviewed on appeal and demonstrate by affidavit or an offer of proof the facts to be established at a hearing. MCR 7.211(C)(1)(a)(ii); and defendant has failed to demonstrate that the issue should be decided initially by the trial court. MCR 7.211(C)(1)(a)(I).

From this language, Petitioner contends that he was barred from "beginning the appellate process anew by filing a motion for relief from judgment" and therefore any purported unexhausted claims should be deemed exhausted. This argument in support of overriding the statute of limitations in this case is defective for two reasons. First, the above referenced order was entered in 1996, approximately 3 years before Petitioner filed his first habeas petition. Therefore, the content of this order is not new information to which Petitioner did not have access.

Second, the remand motion was not denied based upon the two above referenced issues, but rather upon the issue of whether the case should be remanded for the purpose of reviewing the ineffective assistance of counsel claim as it relates to counsel's failure to file a motion for severance. Therefore, the above cited language in the order was not a directive barring Petitioner from filing a motion for relief from judgment as it relates to the two additional claims at issue.

7

B. **Equitable Tolling**

Petitioner argues that although his 2004 habeas petition is untimely, this matter should still proceed if the doctrine of equitable tolling is applied. The equitable tolling concept applies to the one-year period of limitation for habeas corpus petitions. *Griffin v. Rogers,* 308 F.3d 647, 652 (6th Cir. 2002). The Sixth Circuit has noted that "federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000).

Courts must consider the five factors set forth in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988), when determining whether equitable tolling is appropriate: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in the pursuing one's rights (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001).

This list of factors is not comprehensive; on the other hand, each factor may not be relevant in all cases. *Cook,* 295 F.3d at 512. "The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id.* A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one-year limitations period. *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003).

The Petitioner in this case argues that he had problems obtaining court documents and transcripts and was therefore unable to timely file a habeas petition or otherwise toll the statute of limitations. However, according to the Petitioner, he filed his own *pro se* 1999 habeas petition

8

while his documents were allegedly in the custody of his attorney. Therefore, the Court is unpersuaded that a similar effort could not have been put forth to submit a post-judgment state court filing for the purpose of salvaging his claim. Additionally, according to the Petitioner, his attorney was in possession of his files and transcripts during the 87 day time period in which Petitioner had to exhaust his claims in state court or re-file his habeas petition (i.e., July 22, 1999 until January 2001). The attorney admitted in his letter to the Petitioner that he was reviewing the documents for the purpose of drafting a motion for relief from judgment. However, Petitioner filed his 1999 habeas petition before that occurred. These facts indicate to the Court that Petitioner had the opportunity to file a timely motion for relief from judgment.

Moreover, Petitioner admits that he had possession of his transcripts and file documents in January 2001. However, Petitioner never filed the motion for relief from judgment and did not re-file his habeas petition until over 3 years later on March 16, 2004. Petitioner provides no explanation for the 3 year delay. Although Petitioner maintains that he also submitted a request to the trial court for his file documents and received no response, this argument is unpersuasive in light of the fact that when Petitioner did receive copies of his file documents and transcripts in 2001, he still did nothing to facilitate habeas review until over 3 years later.

Finally, the fact that Petitioner believed that file document requests toll the statute of limitations is a proposition that has no basis in fact or law. Accordingly, Petitioner has set forth no circumstances which would lead the Court to find that Petitioner's failure to file a timely habeas petition was unavoidable or was caused by circumstances beyond Petitioner's control. Therefore, Petitioner is not entitled to equitable tolling in this matter.

9

**IV.  Conclusion**

IT IS HEREBY ORDERED that Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations **[Docket No: 8-1, filed October 8, 2004]** is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**


s/Marianne O. Battani
  MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE



DATED: September 28, 2005

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN D. BETTY,

       Petitioner,

                                           Civil No: 04-60063
                                           Honorable Marianne O. Battani
                                           Magistrate Judge Steven D. Pepe

v.

MILLICENT WARREN, Warden,

       Respondents.

_____

## JUDGMENT

       The above entitled matter having come before the Court on a Petition for Writ of Habeas Corpus **[Doc. #3-1]**, and in accordance with the Memorandum Opinion and Order Granting Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations **[Doc. # 8-1]** entered on September 28, 2005,

       **IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations **[Docket No: 8-1, filed October 8, 2004]** is **GRANTED.**

       **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus **[Docket No: 3-1, filed April 5, 2004]** is **DISMISSED WITH  PREJUDICE.**

                                        DAVID WEAVER
                                        CLERK OF THE COURT
                                        BY: s/Bernadette M. Thebolt
                                             DEPUTY CLERK

APPROVED:

s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT

Dated:    September 28, 2005